UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH N. SCOTT, | ) |
|             *Plaintiff*, | ) ) ) |
| v. | )   No. 1:25-cv-00539-JMS-KMB |
| WELLPATH, *Provider*, CAREY FORRESTAL, *Sheriff of* Marion County, and NIKKI BLACK, *Nurse*, | ) ) ) ) |
|             *Defendants*. | ) ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Joseph Scott was a pre-trial detainee at the Marion County Adult Detention Center ("Marion County ADC").[1] He filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants Wellpath (medical provider at Marion County ADC), Kerry Forrestal[2] (Sheriff of Marion County), and Nikki Black (a nurse at Marion County ADC) violated his Eighth Amendment rights in connection with medical care. [Filing No. 1.] Because Mr. Scott is incarcerated, this Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I.
SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

---

[1] Mr. Scott is currently incarcerated at the Correctional Industrial Facility.

[2] The Court takes judicial notice that the Marion County Sheriff's name is Kerry Forrestal.

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Scott's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He bases his claims on the following allegations.

On March 21, 2023, a doctor ordered Mr. Scott's ears to be flushed by Ms. Black. [Filing No. 1 at 4.] The instrument used by Ms. Black caused injury to Mr. Scott, specifically pain, bleeding in the ear, and vomiting. [Filing No. 1 at 4-5.] Mr. Scott submitted medical requests, but they were ignored, and he was denied follow up care and further treatment for his injury. [Filing No. 1 at 4-5.] Mr. Scott sues Wellpath, Sheriff Forrestal, and Ms. Black in their official capacities and seeks injunctive relief and monetary damages. [Filing No. 1 at 2-5.]

## III.
### DISCUSSION

Although Mr. Scott indicates that he is only suing the Defendants in their official capacities, the Court construes Mr. Scott's Complaint liberally and considers whether he has stated claims against the Defendants in both their official and individual capacities.

Applying the screening standard to the facts alleged in the Complaint, the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### A. Claims for Injunctive Relief

Mr. Scott's official capacity and individual capacity claims for injunctive relief against the Defendants are **DISMISSED** for failure to state a claim upon which relief can be granted. Mr. Scott is no longer in the custody of Marion County ADC, and therefore, his claims for injunctive relief are moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) "[W]hen a prisoner seek[ing] injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become[s] moot."); *Williams v. Cearlock*, 993 F. Supp. 1192, 1197-98 (C.D. Ill. 1998) (prisoner's Eighth Amendment claim based on an allegation of substandard medical care became moot once he transferred to another prison); *Kane v. Carr*, 769 F. Supp. 301, 302 (E.D. Wis. 1991) (same).

### B. *Monell* Claim Against Wellpath

Private corporations acting under color of state law—including those that contract to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can only be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a claim against a municipality, the plaintiff must identify an action taken by the municipality and allege a causal link between its action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). "Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (cleaned up).

Mr. Scott's Complaint fails to provide any factual basis upon which to conclude that Wellpath had a custom, policy, or practice that caused Mr. Scott's injury. Accordingly, Mr. Scott's claim for monetary relief against Wellpath is **DISMISSED** for failure to state a claim upon which relief can be granted.

### C. Official Capacity Claims for Monetary Damages Against Sheriff Forrestal and Ms. Black

Mr. Scott's official capacity claims for monetary damages against Sheriff Forrestal and Ms. Black are **DISMISSED** for failure to state a claim upon which relief can be granted because the Defendants are "immune from suit under § 1983 for monetary damages in their official capacities." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005)).

### D. Individual Capacity Claims for Monetary Damages

#### 1. Against Sheriff Forrestal

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Mr. Scott's Complaint fails to provide any factual basis that Sheriff Forrestal was personally involved or personally responsible for Mr. Scott's alleged injuries. Accordingly, this claim must be **DISMISSED** for failure to state a claim upon which relief can be granted.

### 2. *Against Ms. Black*

Although Mr. Scott asserts that his Eighth Amendment rights were violated, he indicates that he was a pretrial detainee during the events underlying this suit. [Filing No. 1 at 4 (checking "Pretrial detainee" box on complaint form).] This is relevant because Mr. Scott's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015); *Hardeman v. Curran*, 933 F.3d 816, 822-23 (7th Cir. 2019); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Under this standard, the "defendant officer must intend to carry out a certain course of actions; negligence is not enough. At that point, the remaining question is whether that course is objectively reasonable." *Kemp v. Fulton County*, 27 F.4th 491, 497 (7th Cir. 2022).

Mr. Scott alleges that Ms. Black injured his ear while she flushed it. [Filing No. 1 at 4-5.] There are no facts from which to conclude, even under a liberal reading, that Ms. Black intended to carry out an injury to Mr. Scott's ear when she flushed it. Rather, the allegation more appropriately amounts to one of negligence, that she negligently flushed Mr. Scott's ear which caused injury, which is insufficient to state a claim. [*See* Filing No. 1 at 4-5.] *Kemp*, 27 F.4th at 497; *Miranda*, 900 F.3d at 353. Mr. Scott also does not allege facts indicating that Ms. Black, or anyone in particular for that matter, was responsible for the lack of follow-up care that he described in his Complaint. [*See* Filing No. 1 at 4-5.] *Colbert*, 851 F.3d at 657 (individual liability under § 1983 requires personal involvement and responsibility). Accordingly, the Court must **DISMISS** Mr. Scott's claim for monetary damages against Ms. Black in her individual capacity for failure to state a claim upon which relief can be granted.

Because the Court has been unable to identify a viable claim for relief against any particular Defendant, the Complaint is subject to dismissal.

## IV.
### OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Scott shall have **through September 10, 2025, to file an Amended Complaint**.

The Amended Complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his Amended Complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **CLERK IS DIRECTED** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any Amended Complaint should have the proper case number, 1:25-cv-00539-JMS-KMB and the words "Amended Complaint" on the first page. The Amended Complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes,

once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Scott files an Amended Complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no Amended Complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 8/18/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

JOSEPH N. SCOTT
941600
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064