UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH N. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00539-SEB-KMB |
| | ) | |
| WELLPATH Provider, | ) | |
| CAREY FORRESTAL Sheriff of Marion County, | ) | |
| NIKKI BLACK Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Amended Complaint, Denying Motion for Counsel, and Directing Further Proceedings**

On August 18, 2025, the Court screened Plaintiff Joseph Scott's complaint and determined it was subject to dismissal for failure to state a claim. Dkt. 20. Specifically, the Court concluded that Mr. Scott failed to adequately state any Fourteenth Amendment medical care-related claims against Defendants related to the treatment of his ear problems. The Court granted Mr. Scott the opportunity to file an amended complaint, and he has done so. Dkt. 22. The Court now proceeds to screen the amended complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

1

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The Court accepts Mr. Scott's factual allegations as true at the pleading stage. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true") (quoting *Twombly*, 550 U.S. at 555)). The amended complaint, like the original complaint, names as defendants (1) Wellpath; (2) Marion County Sheriff Kerry Forestal; and (3) Nurse Nikki Black. Mr. Scott seeks damages and injunctive relief.

On March 7, 2023, while Mr. Scott was a pretrial detainee at the Marion County Jail, Nurse Scott attempted to flush out his ears as part of his treatment for an ongoing ear infection. Nurse Scott used only tap water to do so, although other nurses use saline. Also, Nurse Scott pressed the instrument she was using into Mr. Scott's ear too hard, causing his ear to bleed. Later, another nurse noticed extreme damage to Mr. Scott's ear and said that he should see an outside doctor about it. Apparently, sometime between March 21 and April 17, 2023, Mr. Scott was supposed to be transported to see an outside doctor, but Sheriff Forestal canceled that transport order. Mr. Scott did eventually see an outside doctor in June 2023, who treated his ear and scheduled a follow-up appointment, but Mr. Scott was never taken to that appointment. Mr. Scott alleges that Sheriff Forestal prevented him from going to that appointment. Since Nurse Black injured Mr. Scott's ear, he has had pain and pus in his ear and has developed significant hearing loss.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, as to Nurse Black, the Court explained in the original screening order that under the Fourteenth Amendment as applicable to pretrial jails detainees such as Mr. Scott, "a defendant must intend to carry out a certain course of actions; negligence is not enough. At that point, the remaining question is whether that course is objectively reasonable." *Kemp v. Fulton County*, 27 F.4th 491, 497 (7th Cir. 2022). Even as amended, Mr. Scott fails to adequately allege that Nurse Black intended to injure Mr. Scott when she flushed out his ear, as opposed to her possibly being negligent. *See id.* And again, as in the original complaint, Mr. Scott fails to allege that Nurse Black had any involvement in the alleged delay in receiving follow-up care for his ear. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (individual liability under 42 U.S.C. § 1983 requires personal involvement and responsibility). Mr. Scott has failed to state a claim against Nurse Black. All claims against her **are dismissed**.

Second, as to Wellpath, the amended complaint, like the original complaint, fails to provide any factual basis upon which to conclude that Wellpath had a custom, policy, or practice that caused Mr. Scott's injury. This is insufficient to state a claim against Wellpath under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) ("Liability under [*Monell*] is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury."). All claims against Wellpath **are dismissed**.

Third, as to Sheriff Forestal, Mr. Scott makes a vague and conclusory allegation that he cancelled transportation for two of Mr. Scott's outside medical appointments. The Court reiterates that "a defendant must intend to carry out a certain course of actions; negligence is not enough. At that point, the remaining question is whether that course is objectively reasonable." *Kemp*, 27 F.4th at 497. And, that individual liability under 42 U.S.C. § 1983 requires personal involvement and responsibility. *See Colbert*, 851 F.3d at 657. There are any number of reasons why a sheriff might cancel a transportation order for an inmate, including safety, security, and staffing concerns, that may have nothing to do with why the inmate was scheduled to be transported. There currently are insufficient allegations that Sheriff Forestal, overseer of a large metropolitan sheriff's department, (1) had any personal knowledge of Mr. Scott's need for an outside appointment; or (2) even if he did have such knowledge, that the cancellations were based on anything more than, at most, negligence, which is not actionable under Section 1983. All claims against Sheriff Forestal **are dismissed**.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint, like the original, is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the amended complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case

under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through April 11, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 1:25-cv-00539-SEB-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause. **The Court notes that this is Mr. Scott's second opportunity to file an adequate complaint; no further opportunities will be provided.**

### V. Motion for Counsel

Mr. Scott has filed a motion for assistance recruiting counsel. Dkt. 31. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v.*

*Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

Previously, the Court denied an earlier counsel motion filed by Mr. Scott, explaining that he had not indicated whether he had contacted any attorneys with requests for representation and had not provided enough information to evaluate his need for counsel. Dkt. 28. Also, the Court noted that it had previously provided Mr. Scott with the Court's required form for requesting recruiting of counsel, which he did not use, and advised that he should not renew his motion "until after his amended complaint has been screened by the Court and Defendants have filed an answer to it." Id. at 2. Mr. Scott has disregarded the Court's instructions, has not used the Court's form, and also still has not provided any indication that he has contacted any attorneys with requests for representation. His current motion is again **DENIED**. Dkt. [31].

### VI. Conclusion

Mr. Scott has through **April 11, 2026**, to file an amended complaint. His motion for counsel is **DENIED without prejudice**. Dkt. [31]. Finally, Mr. Scott's motion for case status, dkt. [32], is **GRANTED** to the extent this Order provides an update.

**IT IS SO ORDERED.**

Date:    3/13/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

JOSEPH N. SCOTT
941600
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391